UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

02-21846
CIV-MOORE

JONATHAN HOWARD, an Individual,

Plaintiff,

Vs.

MAGISTRATE JUDGE
O'SULLIVAN

ABERCROMBIE AND FITCH STORES, INC., an Ohio Corporation,

Defendant.
_____________________________________/

FILED BY ___ D.C.
02 JUN 19 PM 12:36
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

**COMPLAINT**

The Plaintiff, Jonathan Howard ("Howard"), sues Defendant, Abercrombie & Fitch Stores, Inc. ("Abercrombie & Fitch"), for race discrimination in its promotion and termination practices and states as follows:

1. At all times material to this action Plaintiff was a resident of the State of Florida and resided within the Southern District of Florida.

2. At all times material to this action, Abercrombie & Fitch was an Ohio corporation and currently does business in Miami-Dade County, Florida.

3. Based on reasonable information and belief, at all time material to this action, Abercrombie & Fitch was authorized to do business in Florida.

4. This action arises out of the provisions of 42 U.S.C. §§ 1981, 1981(a).

5. Federal jurisdiction of this Court is proper under the above-referenced statutes.

6. Venue in the Southern District of Florida is proper because the actions stated herein arose within Miami-Dade County, Florida.

**General Allegations**

7. Abercrombie & Fitch is a 500 store retail chain that provides men and women clothing apparel at stores throughout the United States.
8. Plaintiff is Black.
9. Plaintiff began working at Abercrombie & Fitch in August 2000 in its Atlanta, Georgia Store as an Assistant Manager.
10. In July 2001, Plaintiff was promoted to a store manager.
11. As manager, Plaintiff shared in the annual profits of the store.
12. Plaintiff was promoted and transferred to be the store manager at the Aventura, Florida Mall store.
13. The Aventura store was a higher-volumed more profitable store. As such, management shared in higher profits.
14. The Aventura store is an "A – Volume store" (the highest rating a store can receive in the Abercrombie & Fitch corporation for sales)
15. In fact, the Aventura store is the most profitable store in Southeast region of the United States for Abercrombie & Fitch.
16. As the manager, Plaintiff ran the day-to-day operations of the store.
17. Plaintiff also hired, fired, disciplined and evaluated his employees.
18. At any given time, Plaintiff was responsible for over 100 employees at the Aventura store.

19. In March 2002, Plaintiff was evaluated by the District Manager and received a "Rocks" rating – the highest rating possible in the Abercrombie & Fitch corporation.
20. Plaintiff's evaluation was also approved by the Regional Manager/ Human Resources.
21. In late March – Early April, 2002, Abercrombie & Fitch manufactured a line of T-shirts that offended many Asian groups and persons nationwide.
22. On the T-shirt Abercrombie & Fitch depicted stereotypical caricatures of slant-eyed Asians in conical hats.
23. These caricatures also had buck-teeth.
24. Furthermore, the T-shirts made fun of the Asian community by stereotypically depicting these characters owning and operating a laundry service.
25. In fact, the T-shirts read, inter alia, "WONG BROTHERS LAUNDRY SERVICE: TWO **WONGS** CAN MAKE IT **WHITE**".
26. This slogan is particularly vitriolic because it also makes fun of the difficulty some Asians might have in speaking English.
27. In May 2002, Abercrombie & Fitch created a General Manager position at the Aventura Store.
28. There was never before such a position at the Aventura Store.
29. The General Manager position was not posted or otherwise offered by Abercrombie & Fitch as being an available position.
30. The job was surreptitiously given to an Asian person, Mr. John Almazan.

31. The job was given to Almazan to quell the anger arising from Asian groups because of the offensive T-shirt line.
32. In the alternative, Mr. Almazan was given the newly created General Manager position in an attempt by Abercrombie & Fitch to appear conciliatory for the offensive T-shirt line.
33. In the alternative, the position was given to Mr. Almazan as a consequence of Abercrombie & Fitch's T-shirt controversy.
34. Mr. Almazan was given the position immediately on the heels of the T-shirt controversy.
35. Mr. Almazan was less qualified and less tenured than Plaintiff.
36. However, Abercrombie & Fitch transferred Mr. Almazan from a "C – Volume" store in Atlanta to be General Manager over Plaintiff.
37. Plaintiff was qualified to be the Aventura Store's General Manager.
38. Abercrombie & Fitch denied Plaintiff the opportunity to apply for the General Manager position because of his race, Black.
39. Abercrombie & Fitch denied Plaintiff the General Manager position because of his race, Black.
40. Abercrombie & Fitch filled the General Manager position with an Asian person, Mr. Almazan.
41. On May 17, 2002, Plaintiff was demoted and transferred to a "C – Volume" store for imaginary problems associated with the operation of the Aventura store.

42. Plaintiff was forcibly transferred to a "C – Volume" store to be the subordinate of a person whom he previously hired and trained.

43. Plaintiff's pay was reduced as a condition of his demotion and transfer.

44. On May 25, 2002, Plaintiff was constructively discharged because of his race, Black.

**Count I**
**42 U.S.C. §§ 1981, 1981(a) - - Failure of Opportunity to Promote**

45. Plaintiffs incorporates paragraphs 1 through 44 as alleged herein and further states:

46. Abercrombie & Fitch denied Plaintiff the opportunity to compete for General Manager Position because of his race.

WHEREFORE the Plaintiff, Howard respectfully requests that this Court:

a. Assume jurisdiction of this cause of action and the parties.

b. Issue a judgment declaring and finding that Defendant, Abercrombie & Fitch's, actions, practices and procedures, as complained herein constitute discrimination in violation of Plaintiff's rights as secured under 42 U.S.C. §§ 1981 and 1981(a) and are unlawful.

c. Order Defendant to make Plaintiffs whole as he was adversely affected by the activities described of herein, by providing appropriate back pay, front pay, punitive damages and compensatory damages.

d. Enter an award and Judgment for attorneys' fees and costs.

e. Grant Plaintiffs such additional relief as may be just and proper to fully return them to the status that they would have enjoyed but for the discriminatory animus of the Defendant.

**Count II**
**42 U.S.C. §§ 1981, 1981(a) - - Failure to Promote**

47. Plaintiffs incorporates paragraphs 1 through 44 as alleged herein and further states:

48. Abercrombie & Fitch denied Plaintiff the General Manager Position because of his race.

WHEREFORE the Plaintiff, Howard respectfully requests that this Court:

a. Assume jurisdiction of this cause of action and the parties.

b. Issue a judgment declaring and finding that Defendant, Abercrombie & Fitch's, actions, practices and procedures, as complained herein constitute discrimination in violation of Plaintiff's rights as secured under 42 U.S.C. §§ 1981 and 1981(a) and are unlawful.

c. Order Defendant to make Plaintiffs whole as he was adversely affected by the activities described of herein, by providing appropriate back pay, front pay, punitive damages and compensatory damages.

d. Enter an award and Judgment for attorneys' fees and costs.

e. Grant Plaintiffs such additional relief as may be just and proper to fully return them to the status that they would have enjoyed but for the discriminatory animus of the Defendant.

**Count III**
**42 U.S.C. §§ 1981, 1981(a) - - Demotion**

49. Plaintiff incorporates paragraphs 1 through 44 as alleged herein and further states:

50. Abercrombie & Fitch demoted Howard because of his race, Black.

WHEREFORE the Plaintiff, Howard respectfully requests that this Court:

a. Assume jurisdiction of this cause of action and the parties.

b. Issue a judgment declaring and finding that Defendant, Abercrombie & Fitch's, actions, practices and procedures, as complained herein constitute discrimination in violation of Plaintiff's rights as secured under 42 U.S.C. §§ 1981 and 1981(a) and are unlawful.

c. Order Defendant to make Plaintiffs whole as he was adversely affected by the activities described of herein, by providing appropriate back pay, front pay, punitive damages and compensatory damages.

d. Enter an award and Judgment for attorneys' fees and costs.

e. Grant Plaintiffs such additional relief as may be just and proper to fully return them to the status that they would have enjoyed but for the discriminatory animus of the Defendants.

**Count IV**
**<u>42 U.S.C. §§ 1981, 1981(a) - - Termination</u>**

51. Plaintiff incorporates paragraphs 1 through 44 as alleged herein and further states:

52. Abercrombie & Fitch constructively terminated demoted Howard because of his race, Black.

WHEREFORE the Plaintiff, Howard respectfully requests that this Court:

a. Assume jurisdiction of this cause of action and the parties.

b. Issue a judgment declaring and finding that Defendant, Abercrombie & Fitch's, actions, practices and procedures, as complained herein constitute discrimination in violation of Plaintiff's rights as secured under 42 U.S.C. §§ 1981 and 1981(a) and are unlawful.

c. Order Defendant to make Plaintiffs whole as he was adversely affected by the activities described of herein, by providing appropriate back pay, front pay, punitive damages and compensatory damages.

d. Enter an award and Judgment for attorneys' fees and costs.

e. Grant Plaintiffs such additional relief as may be just and proper to fully return them to the status that they would have enjoyed but for the discriminatory animus of the Defendants.

**Demand for Trial By Jury**

Plaintiff, Mr. Jonathan Howard demands a trial by Jury for each issue so triable herein.

Respectfully Submitted,

THE HARRIS LAW FIRM, P.A.
Attorneys for the Plaintiff, Mr. Howard
777 Brickell Avenue
Suite 1114
Miami, Florida 33131-2867
Telephone: 305.536.6131

By: ______________________
Robert Newton Harris
Florida Bar Number: 087671

DATED: June 13, 2002

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET 02-21846

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

CIV-MOORE

## I. (a) PLAINTIFFS

JONATHAN HOWARD

## DEFENDANTS

ABERCROMBIE & FITCH STORES, INC.

MAGISTRATE JUDGE O'SULLIVAN

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF DADE COUNTY
(EXCEPT IN U.S. PLAINTIFF CASES)

DADE02cv 21846 | Moore | O'Sullivan

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT DADE COUNTY
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
THE HARRIS LAW FIRM, P.A.
777 BRICKELL AVENUE, SUITE 1114
MIAMI, FL 33131

ATTORNEYS (IF KNOWN)

(d) CIRCLE COUNTY WHERE ACTION AROSE: (DADE), MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

FILED BY D.C. 02 JUN 19 PM 12:35 CLERK U.S. DIST. CT. S.D. OF FLA. MIAMI

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

**A CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- B☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**A REAL PROPERTY**
- ☐ 210 Land Condemnation
- B☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**A TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury — Med. Malpractice
- ☐ 365 Personal Injury — Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**A CIVIL RIGHTS**
- ☐ 441 Voting
- XX442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- B☐ 510 Motions to Vacate Sentence

HABEAS CORPUS:
- B☐ 530 General
- A☐ 535 Death Penalty
- B☐ 540 Mandamus & Other
- B☐ 550 Civil Rights
- B☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- B☐ 610 Agriculture
- B☐ 620 Other Food & Drug
- B☐ 625 Drug Related Seizure of Property 21 USC 881
- B☐ 630 Liquor Laws
- B☐ 640 R.R. & Truck
- B☐ 650 Airline Regs
- B☐ 660 Occupational Safety/Health
- B☐ 690 Other

**A LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- A☐ 791 Empl. Ret. Inc. Security Act

**A BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**A PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**B SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- A☐ 870 Taxes (U.S. Plaintiff or Defendant)
- A☐ 871 IRS — Third Party 26 USC 7609

**A OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- B☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

A OR B

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

LENGTH OF TRIAL
via ____ days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE ____ DOCKET NUMBER ____

DATE ____ SIGNATURE OF ATTORNEY OF RECORD ____

**FOR OFFICE USE ONLY**

$150.00 864252
06/19/02

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____